FREDERIC BEARDSLEY AND OTHERS *vs.* THE TOWN OF WASH-INGTON.

The trial of applications for highways before committees cannot be guarded with the same strictness as those which are had in court, but every reasonable precaution should be taken to guard against the possibility of improper influence and to insure a perfectly fair trial.

The entertainment of the committee by one of the parties during the trial is *primâ facie* irregular and improper.

Where however it appeared that there was no public house in the village where the hearing was had, and the petitioners and the selectmen of the respondent town agreed that the committee might be entertained at the private house of one of the petitioners and that the counsel on both sides should be accommodated at the same place, there was held to be nothing irregular or improper in it.

And this although the committee were very handsomely entertained, and were carried to and from the place of hearing by the person entertaining them, and no charge was made by him against the committee or the town.

Sundry inhabitants of the town came in as individuals under the statute to remonstrate against the acceptance of the committee's report. Held that they were subject to the same rules of waiver and estoppel as other parties litigant, and that, if they were not bound by the action of the selectmen, yet as they presumptively as parties to the case had knowledge of the arrangement, and as the remonstrance did not aver that they were ignorant of the facts at the time, nor that any one made objection to the arrangement until after the committee had made their report, it was held that they had waived their right to make objection.

PETITION for a highway, brought to the Superior Court in Litchfield County, and referred to a committee who reported in favor of laying out the road. Sundry tax-paying inhabitants of the respondent town filed a remonstrance against the acceptance of the report, which was heard by the court and the following facts found thereon.

The trial before the committee was held at the village of New Preston, near the locality of the proposed road, and the place most convenient for the accommodation of all parties in interest. As there was no public house in the village, where the committee could at that time be comfortably entertained, it was agreed by the petitioners on the one part, and the selectmen of the town on the other, a few days before the time of meeting, that the committee, together with the counsel for both parties, should be lodged and take their suppers and breakfasts at the house of George C. Hitchcock, and take their dinners at the house of Mrs. Brown, which arrangement was carried out during the four days occupied in the hearing. The committee were taken to and from the place of hearing and over the road proposed to be laid out, in conveyances furnished by Mr. Hitchcock. Mr. Hitchcock and a son of Mrs. Brown were petitioners for the road, and Mr. Hitchcock took an active and leading part in prosecuting the petition. The committee were very handsomely and liberally entertained, and Mr. Hitchcock declined to receive any compensation either from the committee or from the town.

The remonstrants claimed as a matter of law, that the con-

duct of the committee, in boarding and lodging with Mr. Hitchcock, he being one of the petitioners and much interested in the laying out of the road, was irregular and improper, and therefore moved the court to set aside their doings. The court, (*Foster, J.,*) there being no evidence, and no claim, of any corrupt or improper act or intention on the part of the committee, unless the law would impute the same from the above facts, overruled the motion, deciding that the report ought to be accepted.

The remonstrants moved for a new trial upon the remonstrance, for error of the court in the decision stated.

*Graves* and *Morrill*, in support of the motion.

1. The conduct of the committee was "irregular and improper" within the meaning of the statute. Gen. Statutes, tit. 31, sec. 29; 1 Bouvier Law Dict., 667; *Hickox* v. *Parmelee*, 21 Conn., 100; *Wethersfield* v. *Humphrey*, 20 id., 226; *Harris* v. *Woodstock*, 27 id., 571, 573; *Pettibone* v. *Phelps*, 13 id., 451.

2. It was contrary to good policy and such as the court ought not to sanction unless compelled by arbitrary principles of law. *Bennett* v. *Howard*, 3 Day, 223; *Harris* v. *Woodstock*, 27 Conn., 571.

3. The remonstrants are not estopped from claiming their just rights, by the action of the selectmen in assenting to the arrangement. The selectmen could only bind the town as a corporation. They did not in any manner represent or have authority to act for the remonstrants, who appeared in their individual capacity, under the statute which provides "that all persons interested in or affected by the laying out of a highway may appear before the court and remonstrate." Gen. Statutes, tit. 31, sec. 30.

*Andrews*, contra.

BUTLER, C. J. The trial of applications of this character cannot be guarded with the same strictness as those which are had in court, but every precaution which can reasonably be

taken to guard against even the possibility of improper influence, and to ensure a perfectly fair trial, should be observed. *Primâ facie* the entertainment of the triers by one of the parties, for all or any part of the time occupied by the trial, is irregular and improper, for though all may say that no undue influence has been observed or attempted, there may be an influence felt and operative, which is not seen or heard or even intended. If then the facts set up in this remonstrance, and found by the court, were unqualified by any agreement or waiver, we should deem it our duty to set aside the report.

But it is found that there was no public house in the village, and, impliedly, that it was necessary that the committee should be accommodated at some private house. As this was an application by a portion of the inhabitants of the town to compel the lay-out and construction of a new highway by the town, and all the inhabitants were therefore parties interested for or against the application, it was perfectly fair as well as necessary that the place of their accommodation should be a matter of agreement between the parties or those who represented them. That agreement appears to have been carried out in good faith, and all improper influence, so far as ascertainable, is negatived by the finding. It was an element, too, of the agreement that the counsel on both sides should be accommodated together with the committee and be present with them, and that arrangement was carried out during the hearing. As then the agreement was necessary under the circumstances, was fair upon its face and rendered still more so by the provision for the superintendence of counsel, we can see nothing irregular or improper in it. The fact that the entertainment was handsome and liberal without cost to either party, as it embraced counsel on both sides, cannot give a character of impropriety or irregularity to the transaction.

The law wisely permits the tax-paying inhabitants of a town to come in as individuals to be heard as the remonstrants have done, but they are subject of course to the same rules of waiver and estoppel to which parties litigant are in other cases. If it should be admitted that they were not represented by the selectmen in making the agreement, so as to be con-

Beardsley *v.* Town of Washington.

cluded, and have a right to go behind that agreement, we still think they are concluded. They have not averred and it is not found that any fairer arrangement could have been made, or that the .selectmen were not faithful to their trust as the representatives of the town. The trial occupied four days, and presumptively, as parties to the case, they had knowledge of the arrangement in question. Their remonstrance is in the nature of a motion in arrest, and it is not averred and does not appear that either of them was ignorant of the facts at the time or that any one made any objection to the arrangement until after the report of the committee was made. The established rule that parties having knowledge of the misconduct of triers, and making no objection to them until after the trial, shall not be permitted to take advantage of the objection afterward, but shall be holden to have waived it, is applicable to the remonstrants, and if they were not concluded by the action of the selectmen as their representatives, would prevent them from taking anything by their remonstrance.

For these reasons a new trial should be denied.

In this opinion the other judges concurred; except FOSTER, J., who having tried the case in the court below did not sit.