CHARLES IVES *vs.* THE TOWN OF EAST HAVEN AND OTHERS.

There would seem to be no good reason why highway proceedings should be an exception to the general rule that allows a party to accept service of a process that is to be served upon him by copy or reading.

By statute a petition to the Superior Court for the laying out of a highway must be served upon one or more of the selectmen of the town twelve days before the session of the court. In the present case two of five selectmen of a town accepted service of such a petition in writing eleven days before the session of the court. *It seems* that such acceptance of service was good.

An agent of the respondent town, appointed to attend to all suits brought against the town, agreed in writing with the petitioner during the first term of the court, that the court might appoint a committee in the case, and one was so appointed. Held to be an appearance of the town.

Towns are as much parties, and as much bound by their admissions and waivers, in highway cases as in other suits.

And where, after the case was pending in court, sundry land-owners were brought in as respondents by notice of a hearing before the committee, it was held that they could not make objection to the service upon the town. Where the town had come into court by voluntary appearance it was in court for all purposes.

The order of notice to the land-owners was not made until the next term after the appointment of the committee. Held not to affect the validity of the proceeding.

The statute (Gen. Statutes, tit. 16, ch. 7, sec. 47,) provides that upon a highway petition before the Superior Court, any person interested in procuring the highway may execute a penal bond with surety payable to the respondent town, conditioned that the obligors will, for a specified sum, make the highway in a specified time and manner, and that the committee may receive the bond, and regard it as evidence in determining the expense of constructing the highway. The petitioner, with a surety, executed a bond in the penal sum of $1,000, payable to the respondent town, binding himself, if the committee should lay out the highway in question on a line not varying materially from that prayed for, to construct it wholly at his own cost. Held that the bond conformed sufficiently to the statute and was properly received by the committee.

Where the committee found that the selectmen had refused to lay out the highway, against the objection that it was not a matter for them to find, and the court afterwards made a separate finding of that fact, it was held that the finding of the committee became of no importance.

The committee in its report made a contingent and alternative assessment of damages and benefits, and on this account the report was re-committed by the court. No additional order of notice was made and no further evidence heard, but the committee upon the evidence already received made a supplemental report, assessing the damages and benefits absolutely. Held to be no error.

And held that it was not necessary that the old report should be formally set aside, but that the two could stand together, the new one operating as a modification of the old one, and to the extent of the changes a substitute for it.

Four years after the suit was brought and while it was still pending, and after the committee had made its report, the legislature, by an amendment of the charter of a borough within the limits of the respondent town, imposed upon the borough the duty of making and maintaining all highways within its limits. The proposed highway was within its limits. Held not to affect the case.

At the time of the hearing before the committee a new street had been opened, near the line of the highway prayed for, by a party for purposes of speculation, but had not then been accepted by the public. The existence of this street was claimed to affect the question of the convenience and necessity of the highway prayed for. Held that, in finally accepting the report of the committee four years later, the court did not err in not considering the then condition of the street in question, the whole question of the convenience and necessity of the highway prayed for being by statute for the committee and not for the court.

By the order of the court *N* was to be notified as a land-owner of the time and place of the hearing before the committee. An officer called at his house to leave a certified copy of the order, but found that no one was in it and that he and his family had gone to another state. His partner in business proposed to take the copy and send it to him by mail; which was done, and *N* received it the next day. He returned in ample time to be heard before the committee, but did not appear. Held that the whole object of giving notice had been accomplished, and that his objection to the informality of it was not entitled to consideration.

PETITION for the laying out of a highway; brought to the Superior Court in New Haven County.

The case was referred to a committee, whose report, made at the October term of the court, after stating the times and place of their sitting, and their having heard the parties and their evidence, proceeded as follows:—

Having duly considered the evidence, and having examined the ground described over which a highway was prayed for, we do find that common convenience and necessity require that a highway should be laid out within the limits prayed for in said petition, and that upon the application of said petitioner, and before the bringing of said petition, the selectmen of said town of East Haven refused to lay out the same.

During the trial before the committee upon the question as to the common convenience and necessity of the proposed new highway, Charles Ives, the petitioner, executed a penal bond with satisfactory security, in the sum of $1,000, payable to the town of East Haven, conditioned to construct and

build, without expense to the town, within the time and in the manner therein specified, the proposed highway. The bond was placed in the hands of the committee, and upon making this report we have delivered it to the agent of the town of East Haven. The bond we find to be legal in form, and properly executed by persons owning real estate in fee simple situated in this state in value double the amount of the penal sum in the bond.

The committee have therefore surveyed and laid out the highway prayed for as follows: [describing it.]

The committee further report that after laying out the highway they proceeded to hear the parties in interest relative to the damages sustained by such lay-out, and the benefits accruing therefrom, and on these questions we find the following facts:—

During the months of February and March, 1874, Charles Ives, the petitioner, and Henry Rogers, an owner of land adjoining the above highway as laid out by us, were negotiating relative to the opening of a highway where your committee have laid out the same, and another highway about three hundred feet westerly therefrom, for the purpose of opening their adjoining lands for building lots; but they did not come to an agreement. Then Ives, about the first of April, 1874, applied to the selectmen of East Haven to lay out a highway within the limits described in the petition. A majority of the selectmen some time during the first week in April, 1874, examined the route for the highway applied for, and refused to lay it out. Ives and Rogers were both present at the time the selectmen made the examination. Subsequently a town meeting was called on the subject, and the action of the selectmen in refusing to lay out the highway was sustained.

After the refusal of the selectmen to lay out the highway, Ives brought this petition to the Superior Court praying for the laying out of the same; and the committee find that Rogers knew that Ives had brought his petition, but that no legal notice was served upon Rogers until September 2d, 1874.

About the time that Ives applied to the selectmen to lay out the highway; Rogers caused a survey to be made for a road entirely within his own land, and about one hundred and ten feet westerly from the highway laid out by us. At the time the selectmen examined the route for the highway applied for, the Rogers road was staked out but no grading had been done upon it, and no grading was done on it until after the petition of Ives had been brought. But Rogers, after surveying and staking out his proposed road, proceeded to sell lots fronting on the same as follows: To E. L. Washburne, one lot, April 13th, and another April 24th, 1874; one to R. McNeil, April 13th, and another April 24th, 1874; and one to Susan A. J. Kirby, June 29th, 1874; all which deeds were duly recorded on the land records of East Haven. Another deed of three lots to Rufus Rogers, his father, bearing date April 28th, 1874, was exhibited to us, but has never been recorded. Rogers also entered into a written contract, dated April 21st, 1874, with Harrison & Gordon to grade his proposed road, and at the time the committee examined the route for the highway applied for they had graded and fenced it, and Rogers in consideration therefor had deeded a lot to them, which deed bears date September 8th, 1874, and has been recorded. All of the conveyances by Rogers were bounded on the road opened by him, or a right of way over his proposed road was conveyed to the grantees.

If, upon the foregoing facts, the court shall be of the opinion that the damages and benefits should be assessed as if no work had been done by Rogers in grading and fencing his road, then we assess the damages and benefits as follows: The town of East Haven to pay to Henry Rogers for the damages sustained by him over and above benefits received, $150. Charles Ives to pay to the town of East Haven for benefits accruing to him, over and above all damages by him sustained, $50. Samuel B. Hill to pay to the town of East Haven, for the benefits accruing to him over and above all damages by him sustained, $25. And to all other persons in interest we assess the damages and benefits as equal.

If, on the other hand, the court shall decide that Rogers

was not obliged to take notice of the proceedings in the Superior Court on the petition of Ives, and that the damages and benefits should be assessed as they were after his road was graded and fenced, then we assess the damages and benefits as follows:—To the following persons we assess the sums respectively set opposite to their names to be paid to them by the town of East Haven, as damages by them sustained over and above all benefits accruing to them by the laying out of the highway:—Henry Rogers, $800; Susan A. J. Kirby, $50; Rollin McNeil, $100; Edward L. Washburne, $100; Rufus Rogers, $150. And that the following persons shall pay to the town of East Haven the sums respectively set opposite to their names for the benefits accruing to them over and above all damages by them sustained:—Charles Ives, $400; Samuel B. Hill, $200. And to all other persons in interest we assess the damages and benefits as equal. All which is respectfully submitted. Dated at New Haven, this 20th day of October, 1874.

The town of East Haven remonstrated against the acceptance of the report of the committee, upon the following grounds:

1. Said report contains a finding that the selectmen of East Haven refused to lay out a highway within the limits prayed for in the petition, before it was brought; which finding the committee had no jurisdiction to make; and the town objected, on the hearing, to any evidence thereon as being irrelevant and without the province of the committee; notwithstanding which the committee received such evidence.

2. There has never been, in fact, any such neglect and refusal by the selectmen to lay out the proposed highway.

3. The committee acted improperly in taking into consideration the bond offered by the petitioner, said bond not being such an one as is authorized by statute, as it does not describe the time or manner of constructing the highway proposed by the petitioner, nor specify with any certainty the route, line and limits thereof, nor refer to the highway as laid out by the report, nor bind both the obligors therein to construct any highway, nor bind any one to construct any

highway for a specific sum, and is not to an amount sufficient to answer to the cost of constructing the proposed highway.

4. Said report lays out said highway at that part thereof near Hemingway street, on a line as to which no evidence was offered before the committee, nor hearing had. Said committee considered three lines only at the public hearing, and laid out the road so as to diverge some ten feet from the nearest of said lines, and cut the land adjoining it at an awkward slant, impairing its salable value.

5. Said report is irregular and improper in making an alternative, conditional and uncertain assessment of damages and benefits.

6. Said report shows upon its face that the benefits assessed against the petitioner and S. B. Hill are too little, since their benefits cannot be varied by the manner in which the court or committee may regard the acts and rights of Henry Rogers and those claiming under him, and yet are assessed in one part of the report at $600, and in another at $75, whereas they should at least equal $150.

7. Said committee heard evidence as to the desirability of opening the proposed street in order to sell building lots thereon; and were governed in their decision by such evidence; and have reported in favor of said lay-out, principally because it will enable the petitioner and said Hill to sell off building lots thereon, and not because it will be of common convenience and necessity; which evidence was objected to by the town.

8. Said bond was never delivered to nor accepted by this town, and was not retained by the committee until after they had returned their report to court.

9. Said petition was never served upon this town. One of its selectmen signed on May 1st, 1874, without authority from the town, the endorsed acceptance of service, because he was told by the petitioner that it would simply save the expense of officer's fees, and with no idea that he was waiving any right of the town to time to prepare for its defence. The date of April 23d, on said endorsement, is not the true date, but was untruly inserted by the petitioner, and the counsel

for the town was misled thereby, and did not know that the acceptance of service was not made within twelve days of the May term of court, until during the progress of the trial before the committee.

The bond referred to was given by Charles Ives the petitioner and Willet Hemingway, was in the penal sum of $1,000, payable to the town of East Haven, and contained the following condition:—

"The condition of this obligation is such, that whereas there is now pending before the Superior Court of New Haven County an application for the laying out of a new highway in said town, between and to connect Hill street and Hemingway street at some convenient place so that its southerly terminus will be between the house of Charles Rowe and a point not more than five hundred feet distant therefrom, and so that its northerly terminus will be between the house of Samuel B. Hill and a point not exceeding five hundred feet westerly therefrom, which case is now on trial before a committee appointed by said court to hear the same; and whereas said Ives has promised and agreed, and he does by these presents promise and agree, that if said committee shall lay out said new highway in such manner that a portion of the central line of such new highway shall be the line of division between the land of said Ives and the land of Henry Rogers, or a line which will not vary very materially therefrom, and in such manner that such new highway shall substantially correspond with the easterly proposed street as laid down on the map which said Ives has used on the trial of said case, being the easterly one of the proposed roads on said map, that he, the said Ives, will thereafter, without unreasonable delay, at his, the said Ives's, sole and exclusive cost, expense and charge, suitably and in a proper manner work said road and prepare it for public travel, including a suitable bridge, or suitable and necessary bridges (in case more than one bridge shall be reasonably necessary over the stream of water that said new highway will cross). Now therefore, if said Ives shall well and truly do and perform his said promise and agreement, and save said town from all

the cost and expense of working said new road, if so laid out as aforesaid, preparatory to its being opened for public travel, then the above and foregoing obligation shall be null and void, otherwise of binding obligation."

Sundry other parties interested, either as inhabitants of East Haven or as land-owners, filed remonstrances, the grounds of which are sufficiently stated in the opinion.

At the September term of the court, 1879, the borough of Fair Haven East, situated within the town of East Haven, and which, by an amendment of its charter made by the legislature in 1878, was thereafter to make and maintain all highways within its limits, made by its burgesses the following remonstrance against the acceptance of the report of the committee :—

The undersigned, burgesses of the borough of Fair Haven East, in the town of East Haven, remonstrate in behalf of said borough against the acceptance of the report of the committee in said case for the following reasons :—(1.) Since said report was made, now nearly five years ago, a highway has been completed within the limits mentioned in the petition of said Ives in said case.—(2.) Said highway has been in use by the public nearly five years, and has been maintained by the town of East Haven as a public highway ; two substantial houses have been built on it, and other lots thereon have been bought for building purposes.—(3.) Said highway being within the limits of said borough, the duty of keeping the same in repair, by reason of changes in the charter of said borough, now devolve on said borough, so that the construction of another highway as recommended in said report of the committee which would run nearly parallel to, and within from forty to one hundred and ten feet of the highway now in use, would. cause great expense to said borough, and such a highway would be useless, as the one now existing within the limits named in the petition of said Ives is sufficient for every possible demand of public convenience and necessity.

At the September term of the court, 1878, to which the case had come by continuances, the town of East Haven made the following additional remonstrance :—

And for further cause of remonstrance said town says that the road in said report described as laid out and graded by said Henry Rogers has been kept open for public use, and used in fact, since the filing of said report, continuously to the present time; and meets all the wants of the public; and is within the limits specified in said application for the lay-out of a new highway; and is within one hundred and ten feet of, and in great part within a much less distance from, said highway recommended by said committee, being in one place only forty feet therefrom; and that a dwelling-house was built upon said road in 1874, and has been ever since inhabited, and would be inaccessible if said road were abandoned. Inasmuch, therefore, as for upwards of four years last past said road over said Rogers's land has been dedicated to public use and traveled over, said other road, recommended by said committee, is now, at all events, wholly useless, and would be a mere burden upon the town, of no benefit to the public; wherefore, if the court should overrule its remonstrance already filed, for any cause, then the town prays that said application be recommitted to the same or some other suitable committee to hear the parties again as to the question of common convenience and necessity.

The court after hearing the remonstrances made the following interlocutory decree:—

This court having, at the present term thereof, fully heard the petitioners and all the several parties in interest upon all the questions raised by said remonstrants, with their witnesses and counsel, and having fully heard all parties in interest upon the question of the acceptance of said report by this court, and having duly considered the same, does hereby find:—

That before the bringing of the petition the petitioner requested the selectmen of the town of East Haven to lay out the highway in the petition prayed for, and that they neglected and refused to lay out the same.

That the bond of the petitioner described in said report was, during the trial before the committee, executed and delivered to the committee in the manner stated in the report,

and that, during the trial before the committee, neither the respondent town nor any of the parties in interest made any objection to the form or sufficiency of the bond, and that no objection was ever made to it until after the report was presented to this court.

And touching the first remonstrance filed by the town of East Haven, it is found that the first and third reasons therein alleged are, in connection with the facts, insufficient in the law, and that the second of said reasons is untrue.

As to the seventh reason, (and the same reason alleged in several other remonstrances,) it is found that the committee did receive evidence when considering the question of common convenience and necessity, that the lots, adjacent to the road laid out by them, would probably be salable for building purposes at higher prices than the lots adjacent to a certain other road laid out by Henry Rogers and described in the remonstrances; such evidence being introduced and received as tending to show that the taxable grand list in the town would be so far increased, in consequence of laying out the road prayed for by said Ives, as to justify the expense of such lay-out; and that the committee did not act improperly or irregularly in receiving such evidence against the defendants' objection for irrelevancy for such purpose.

As to the eighth reason it is found that the bond was delivered to E. E. Hall, the attorney of the town in the conduct of the cause before the committee and before the court, with the request that he would hand it to the town agent; and that he never did so, but had it in court as attorney for the town; and that so much of the reason as is inconsistent with the foregoing finding is untrue, and that the facts are insufficient ground of remonstrance.

The foregoing findings as to the reasons contained in the remonstrance of the town, are to be taken to apply equally to the same reasons stated in the other remonstrances in the cause.

And as to the additional remonstrance of said town it is found that the same is insufficient; and it is further found that the remonstrance of the burgesses of Fair Haven East

is insufficient, as also the additional remonstrance of H. Rogers. And this court further finds that all the remaining reasons for rejecting the report contained in the several remonstrances, with the exception of the one in regard to alternative assessments of damages and benefits by the committee, are untrue; except the following, as to which the following special finding is made:—

The paper bearing date April 23, 1874, as an acceptance of service of the petition and citation, was signed by the two selectmen on the 1st day of May, 1874, upon the statement made to them by the petitioner that time would be thus saved in the commencement of proceedings, and for the purpose of preventing the delay in the return of the petition to court which would be necessary if the same was regularly served upon the respondents.

After the return of the petition to court, Charles A. Bray, agent for the town of East Haven, to defend all actions against them, and acting by authority of the selectmen of the town, signed the following written agreement with the petitioner:

" In the case of *Charles Ives* v. *The Town of East Haven,* now pending in the Superior Court for New Haven County, it is agreed that the judge holding the May term of said court, 1874, shall select and appoint three judicious and disinterested persons as a committee to act in said case, pursuant to sec. 29 of the statute entitled an act concerning highways and bridges. East Haven, May 16th, 1874.

CHARLES A. BRAY,

*for the Selectmen of said town,*

*and in his capacity of Special Town Agent.*

CHARLES IVES."

Upon the hearing before the committee, Henry Rogers, one of the remonstrants, alleged the want of a sufficient service of the petition, and the discrepancy between the actual time of the acceptance of service by the selectmen and the date of the paper signed by them, as a reason why the hearing should not be proceeded with.

The court finds that the allegations in the remonstrances inconsistent herewith are untrue and that upon these facts there is no sufficient ground of remonstrance.

The court finds that the committee, after viewing the ground, decided to deviate eight and a half feet, at the northerly end, from the line as to which they had heard evidence, and so laid out the road; all of which is within the limits described in the petition. Upon these facts, all allegations in the remonstrances inconsistent with them being untrue, the court overrules these grounds of remonstrance.

Upon the remonstrance of Rollin McNeil, the court finds that on the 2d day of September, 1874, McNeil and his family were absent in the state of New York and his house was vacant, and that he did not return home until the 15th day of September, 1874, when the hearing had commenced but had not progressed far; that no copy of the order of notice was at any time left at his house; that on the said 2d day of September the officer charged with the service of the order was about to leave the copy at his house, when he was informed by his partner in business that McNeil was absent and his house vacant, and he suggested to the officer to leave the copy with him, and said that he would send it at once to McNeil; that the officer accordingly left the copy with him, and that he at once sent it to McNeil, who received it on the next day; and that on his return he had full opportunity to be heard before the committee, but by advice of his counsel did not appear before them. Upon these facts the court overrules the remonstrance of said McNeil.

This court is of the opinion, and therefore decides, that the alternative assessments of damages and benefits by the committee is irregular and improper, and that the committee should make their assessments definite and certain, and that the report is in respect to damages and benefits incomplete; the court therefore re-commits the report, that the committee may complete it so far as the damages and benefits of the parties in interest therein are concerned.

The committee afterwards, at the same term of the court, made the following supplemental report:

The undersigned, the committee appointed in said cause, having made to said court at its October term, 1874, a report of our doings thereon, and said court at its September

term, 1879, having re-committed said report to said commit-
tee to be completed so far as the damages and benefits of
the parties in interest therein are concerned, have attended
to said duty, and we have assessed and do hereby assess the
damages and benefits to the several parties, caused by the
lay-out of said highway from Hill street to Hemingway
street, as set forth in our said report, as follows, to wit : To
the following persons we assess the sums respectively set
opposite to their names, to be paid to them by the town of
East Haven as damages by them sustained over and above
all benefits accruing to them by the laying out of said high-
way, viz. : Henry Rogers, $800 ; Susan A. J. Kirby, $50 ;
Rollin McNeil, $100 ; Edward L. Washburn, $100 ; Rufus
Rogers, or his legal representatives, $150. And that the
following persons shall pay to the town of East Haven the
sums respectively set opposite to their names for the benefits
accruing to them over and above all damages by them sus-
tained, viz. : Charles Ives, $400 ; Samuel B. Hill, $200. And
to all other persons in interest we assess the damages and
benefits as equal. Dated New Haven, November 15th, 1879.

A remonstrance against the acceptance of this supple-
mental report was filed by the town of East Haven, on the
following grounds : Ist. That the committee gave no notice
of their meeting for a further hearing and consideration of
the case under the interlocutory order of the court. 2d. That
the original report still remained not set aside, with its for-
mer errors. 3d. That there were now two separate and in-
consistent reports. 4th. That the committee had made their
final assessments in view of the existence of the Rogers
road, by which an unreasonable burden had been cast upon
the town. 5th. That the assessments in the supplemental
report were identical with the alternative assessments in the
original report, and yet the land abutting the proposed road
and the Rogers road had greatly declined in value.

Other parties interested severally filed remonstrances, the
grounds of which were in part the same as those of the above
remonstrance, or are sufficiently stated in the opinion of the
court.

The court (*Culver*, *J.*) overruled the remonstrances, accepted the original report and the supplemental report as a modification of it, and passed a decree laying out the highway, and assessing the costs of the suit against the town of East Haven.

In the matter of costs the town of East Haven objected to the allowance of any; but the court allowed full costs, as in ordinary civil actions, except that no fees or mileage were taxed for witnesses. The town excepted.

The town of East Haven, and all the other respondents, severally filed motions in error, and brought the record before this court. The errors assigned are sufficiently stated in the opinion.

*C. Ives* and *C. Ives, Jr.*, for the petitioner.

*S. E. Baldwin*, for the town of East Haven, respondent.

*G. H. Watrous*, for H. C. Hurd, P. Fay, and A. M. Hemingway, respondents.

*E. E. Hall*, for S. B. Hill, respondent.

*C. K. Bush*, for A. B. Rose and G. A. Bradley, respondents.

*H. Rogers*, for C. Rowe, S. H. Kirby, and S. A. J. Kirby, respondents.

*H. G. Newton*, for R. McNeil, respondent.

PARK, C. J. One of the numerous questions made in this case is in regard to the mode by which the proceedings came into court. The statute of 1866 in regard to the laying out of highways by the Superior Court provides that the citation "shall be served upon one or more of the selectmen of the town within which such highway is, to appear if they see cause," &c. No such service was made in this case, but two of the five selectmen of the town of East Haven waived the service of the citation, in a writing to that effect upon the petition, at a time when but eleven days could intervene before the sitting of the court to which the petition was made

returnable, while the statute requires that a citation be served twelve days before the session. It further appears that during the term of the court to which the petition was made returnable, Charles A. Bray, who had been duly appointed special town agent "to attend to all suits brought against the town," agreed in writing with the petitioner that the court at that term might appoint a committee in the case, and that a committee was accordingly appointed, who subsequently heard the case, and made their report, which report is the subject of the present controversy.

In these circumstances the question is, was the town so in court that it is bound by the proceedings ?

We do not deem it necessary to determine whether the action of the selectmen in waiving service of the petition bound the town. We can however see no good reason why highway proceedings against towns should be an exception to the general rule that parties entitled to have papers served upon them, either by reading or by a certified copy, may dispense with that formality if they choose. Time and expense are saved by so doing, without any detriment whatever resulting to the parties. But however this may be in a proceeding like the present, we think it clear that the town appeared in the case, through its authorized special agent, when he made the agreement with the petitioner for the appointment of a committee in the case. And, after a long and expensive trial had been had before the committee, in which the town participated, and a report adverse to the parties remonstrating had been made, we think it was too late to go back of the action of the town in the premises, and complain of the mode by which the proceeding came into court. This could not be done in other cases, and we see no reason why it should be done here. *Finch* v. *Ives*, 22 Conn., 101 ; *Bailey* v. *Town of Trumbull*, 31 Conn., 581 ; *Fowler* v. *Bishop*, 32 Conn., 199 ; *Post* v. *Williams*, 33 Conn., 147 ; *Woodruff* v. *Bacon*, 34 Conn., 181.

Towns are required by statute to construct and maintain necessary highways within their limits unless otherwise

provided, and although they are constructed for the general public, still this fact makes no difference in the mode of procedure when the Superior Court orders their construction. Towns are regarded as parties in highway cases as much as in others, and are as much bound by their admissions and waivers.

Chief Justice BUTLER,.in the case of *Beardsley* v. *The Town of Washington,* 39 Conn., 265, treats a case of this character as governed by the same rules and principles that are applicable to other cases, and held the town bound by a waiver arising from their conduct in that case, as we hold them bound here.

The objection we have considered cannot be taken advantage of by the land-owners along the line of the road. If the town was in court by a voluntary submission to its jurisdiction, it was in court for all purposes whatsoever, and as much so as it would have been if the citation had been regularly served. The land-owners were not parties to the case in the first instance, and could not be made parties till the proceeding was pending in court; and when it was so pending by the waiver of the town, it was too late for them to make objection to a transaction that occurred before they were interested in the suit. It would be strange if such owners should be permitted to complain of want of service on the town, when the town itself, the only party respondent at the time, waived all objection to the want of service by its appearance and defence in the case. Besides, the case last cited held that such owners were themselves bound by a similar waiver growing out of their own conduct. The reasoning of that case applies with equal force to this.

It has been urged as another objection that the court did not issue an order of notice to be served on the parties particularly interested in the proceeding, and did not fix a time and place for the hearing before the committee, until a term subsequent to the one at which the committee was appointed. It is not pretended that the parties had not sufficient notice by the order to prepare their cases for trial, but the objection is placed upon the technical ground that such order of notice

and such fixing of the time and place for the trial must be made at the same term of the court at which the committee was appointed. We see no reason in this objection. The court that made the appointment was the same court that made the order. Different terms cannot make it a different court, nor affect its right to act in the matter. Some terms are much longer than others. Suppose the term of the court had continued from May till October; would the case have been any different? We think not.

A further objection is made, that the committee improperly heard evidence on the question whether the selectmen of the town had neglected and refused to lay out the road before the petition was brought. The court subsequently found this fact in the case, which rendered the finding of the committee in this respect wholly immaterial. It could not have occasioned any detriment to the cause of the remonstrants. The case of *Southington* v. *Clark*, 13 Conn., 370, fully justifies the action of the court in this respect.

We think the bond of the petitioner was properly received in evidence by the committee. It described the way as correctly as it could have been done at the time it was executed, and though it does not state the sum for which the work will be done, yet as it binds the petitioner to make the road wholly at his own cost, a statement of the sum was not necessary. It conforms sufficiently to the statute, and obviously was binding on the parties to it.

It further appears in the case that the committee made an alternative assessment of land damages and benefits to adjoining proprietors, and that for this cause the court re-committed the report in order that they might make their assessment definite and certain. No additional order of notice was made for the parties to appear before the committee and again be heard upon the question of damages and benefits, and no further testimony was heard on the subject, but the committee made a supplemental report in which the damages and benefits were definitely determined from the evidence they had previously heard. This action of the court is made the basis of several grounds of complaint.

Ives *v.* Town of East Haven.

It is said, in the first place, that the court had no power to re-commit the report, because the statute confers no authority for the purpose; that if there was anything erroneous in the report the court should have rejected it entirely, and appointed another committee to hear the case *de novo*. But we think the case of *Waterbury* v. *Darien*, 9 Conn., 252, fully sustains the action of the court in this matter. Judge WIL-LIAMS says, in that case—"But as the court must have had the power to re-commit the report, they must have had the power to re-commit it for a specified object."

It is said in the second place, that if the court had the power to re-commit the report, still the respondents were entitled to a hearing *de novo* on the assessment of damages and benefits. But why were they so entitled? They had been fully heard on the subject with their witnesses and counsel, and presumably nothing new could be said. All the evidence that had been heard and all the considerations that had been presented, must have been fresh in the recollection of the triers, and all that was required was to change an indefinite to a definite finding of damages and benefits. We think the court committed no error in this respect.

But it is said that, if the court committed no error here, still the committee erred in making a supplemental report on the subject. It is said that they should have changed their first report in the particular required, so that the whole case might appear in one report, and should not have left it in two reports inconsistent with each other in respect to the assess-ments. There can be no doubt that the course claimed by the remonstrants could have been taken by the committee, and, perhaps, it would have been the better course; still both reports must be taken together, and when so considered, in connection with the order of the court, there is no real inconsistency. The supplemental report nullified the indefi-nite assessment of damages and benefits made in the first report, and became a substitute for that report and as the final report superseded it.

It further appears in the case that the legislature in 1878 amended the charter of the borough of Fair Haven East, and

imposed upon the borough the burden of maintaining all highways within its limits. And, it is said that, although the borough had no interest in this proceeding till nearly four years after the report of the committee was made in the case, still, inasmuch as the highway in question is within the limits of the borough, and the borough will be required to maintain it if it should be established, the action of the legislature operated to defeat the suit. It is not easy to see how this was accomplished, or what effect the action of the legislature could have on the case. The committee had heard the parties, and had made their report a long time before the borough had become interested in the matter, and it could not therefore be said that the committee were guilty of any irregular or improper conduct in respect to the borough. How then could the court refuse to accept the report, when it was its duty to do so unless there had been irregular or improper conduct on the part of the committee?

These remarks apply with equal force to the Rogers dedicated highway. At the time the case was heard before the committee the Rogers road had just been graded and dedicated to the public, but it was not then a highway, and there was no certainty that it would ever become one, inasmuch as its existence as a highway depended upon the future action of the public in accepting it as such. It cannot be said, therefore, that the action of the committee was irregular in respect to that inchoate road, or that the court erred in accepting the report without reference to that road. The claim of the remonstrants would constitute the court the ultimate tribunal to determine in many cases whether or not it was necessary and expedient to lay out a proposed highway, when the statute declares that. "no trial as to the necessity and expediency of laying out such highway shall be had before said court." Gen. Statutes of 1866, p. 499. It is said that although the committee had decided from the facts existing at the time of the hearing that the highway prayed for was necessary and expedient, still other facts concerning the way, which came into existence after the hearing was had, taken in connection with the facts heard by the com-

mittee, rendered the proposed highway unnecessary and inexpedient, and that the court ought to have so decided and to have rejected the report on this ground. If this could be done, then, of course, a case of the opposite character would have required the rejection of the report, in order that another committee might lay out the proposed highway; and so the court might be called upon in all cases to determine the necessity and expediency of the proposed way, should a considerable amount of time elapse between the report of the committee and the hearing before the court upon its acceptance; which we think cannot be done.

It is further claimed, that the order of notice issued by the court was never technically served upon Rollin McNeil, one of the land-owners along the line of the proposed road. The order required that it should be served by leaving a certified copy in the hands of the several persons named therein, or that the copy should be left at their usual place of abode. Rollin McNeil, one of the persons named in the order, was absent from his usual place of abode. He had gone with his family into the state of New York, and was there when the officer went to his dwelling-house to make service upon him. The officer found the place vacant, and was about to leave a certified copy of the order there, when he was informed by McNeil's partner in business where McNeil was. The partner requested the officer to leave the copy with him, and promised to forward it to McNeil. This was done, and McNeil received the copy the following day. And it is a fact in the case that he received the copy much sooner than he would have done had it been left at his usual place of abode. McNeil returned from New York in time amply sufficient to prepare his case for trial before the committee, but he chose not to appear before them. These are the facts, and we think it clear that there is no merit in his claim. The whole object of giving notice to the parties in interest was accomplished in his case, and he has no cause to complain.

It is further claimed that the court erred in taxing costs against the town. Full costs were allowed the petitioner, except those for witnesses. The revision of 1866 allowed

costs in highway cases, and so does the revision of 1875. But the session acts of 1875 so amended the revision of that year that no costs for attendance in court and for witnesses are now allowed in such cases. Acts of 1875, p. 63, sec. 2. There is error, therefore, in the decree of the court so far as it allows costs for the attendance of the petitioner in court, and to that extent the decree is reversed.

A few other questions are made in the case, but they are not important enough for consideration.

There is no error in the decree, except as to the matter of costs.

In this opinion the other judges concurred.