ZEF HASSANE *v.* GERALD LAWRENCE
(11687)

O'CONNELL, FOTI and FREEDMAN, Js.

Argued May 6—decision released June 29, 1993

---

*Stephen R. Bellis,* for the appellant (plaintiff).

*Prescott W. May,* with whom, on the brief, was *Steven P. Kulas,* for the appellee (defendant).

O'CONNELL, J. The plaintiff appeals from the judgment rendered in favor of the defendant on his counterclaim.[1] The plaintiff claims that the judgment, which was rendered in accordance with an attorney trial referee's report, was improper because (1) the trial court's directive that the trial referee state the basis on which it made its award of damages constituted a rejection of the trial referee's report, (2) the trial referee improperly concluded that the defendant had been locked out of the premises, (3) the defendant's property had

---

[1] The trial court rendered judgment for the defendant in the amount of $19,000 on the counterclaim and for the plaintiff in the amount of $548.39 on the complaint.

become fixtures, and (4) the trial referee incorrectly determined damages. We affirm the judgment of the trial court.

The plaintiff landlord brought this action to recover from the defendant tenant, who had been operating a pizza restaurant on the premises, for an arrearage in rent payments. The defendant counterclaimed for damages claiming a lockout and the resultant loss of profits and personal property.

The trial court referred the case to attorney trial referee Hanon W. Russell for proceedings pursuant to General Statutes § 52-434 et seq. and Practice Book § 428 et seq. The trial referee conducted a hearing and submitted a report to the trial court. The trial referee found in favor of the plaintiff in the amount of $548.39 for back rent, but also found that on May 17, 1988, the plaintiff locked the defendant out of his restaurant. The trial referee further found that the lockout was without cause or justification and, thus, the defendant had proven his counterclaim to the extent of $19,000 for lost business, lost profits and lost machinery and equipment. Consequently, the trial referee recommended to the trial court that it render a net judgment of $18,451.61 in favor of the defendant.

The parties filed motions to correct the trial referee's report and objections to its acceptance. Following a hearing on the motions and objections on October 10, 1990, the trial court, *Mancini, J.*, issued a memorandum of decision reducing the award on the counterclaim to $12,000 and rendered judgment thereon.

The defendant appealed the judgment claiming that the trial court lacked authority to reduce the trial referee's recommendation on the counterclaim from $19,000 to $12,000. On December 31, 1991, this court agreed with the defendant, reversed the judgment and remanded the case to the trial court for further pro-

ceedings in accordance with Practice Book § 443.[2] *Hassane* v. *Lawrence,* 26 Conn. App. 926, 600 A.2d 331 (1991). Upon return to the trial court, the plaintiff again filed a motion to correct the report seeking a finding that the defendant had abandoned the property and that the plaintiff was entitled to damages of $9222.50. The motion was denied.

Once again, the defendant filed a motion asking for acceptance of the report and rendition of judgment in his favor on the counterclaim in accordance with the trial referee's original report. The trial court, *Curran, J.,* ruled that the trial referee's report inadequately set forth the basis on which it made the awards of damages on the complaint and counterclaim. The court directed the trial referee to state the basis for the respective awards and the trial referee responded by filing an amendment to his previous report detailing the basis of the awards contained therein. Thereafter, the trial court, in accordance with the report, rendered judgment for the defendant in the amount of $19,000 on the counterclaim and for the plaintiff in the amount of $548.39 on the complaint.

The plaintiff first argues that under Practice Book § 443, the trial court lacked authority to send the matter back to the original trial referee for clarification.[3]

---

[2] Practice Book § 443 provides: "The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the committee has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court.

"The court may correct a report at any time before judgment upon the written stipulation of the parties or it may upon its own motion add a fact which is admitted or undisputed or strike out a fact improperly found."

[3] Although Practice Book § 443 literally applies only to committees our Supreme Court has held that it also applies to attorney trial referees. *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 502–503, 508 A.2d 415 (1986).

The plaintiff contends that the trial court was restricted by § 443 either (1) to refer the matter to the same or another referee for a new trial or (2) to revoke the reference and leave the case on the regular court docket for disposition. We do not agree.

Rejection of the report is mandated by § 443 only if the trial court finds that the referee "has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted . . . ." In the present case, the trial court did not find errors in the trial referee's rulings or that the basis of the report was subverted. Nor did it find any other reason to refuse acceptance. The trial court merely asked the trial referee to clarify his report by stating the basis of the awards. The court, in effect, declared that it could not determine whether to accept or reject the report without knowing the basis of the trial referee's decision. We cannot conclude that the course taken by the trial court requires the drastic remedy of an entire new trial. Rather, the court took the most reasonable course available under the circumstances. See *Ives* v. *East Haven,* 48 Conn. 272, 289 (1880) (holding that the trial court had the power to recommit a report to a committee despite the absence of statutory authority to do so).

The remainder of the plaintiff's claims involve issues of fact. There was evidence from which the trial referee could have reasonably found that the defendant left the leased premises because of a lockout and not because of abandonment. There was no evidence that would have mandated a finding as a matter of law that the equipment lost by the defendant had become the plaintiff's property because of the doctrine of fixtures. The evidence before the trial referee sufficiently supported his award of damages. Mathematical exactitude in proof of damages is not required. *Hedderman* v. *Robert Hall of Waterbury, Inc.,* 145 Conn. 410, 414,

144 A.2d 60 (1958). The trial court is bound by the trial referee's findings of fact. *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.,* 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). Neither the trial court nor this court can retry the facts. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980).

The judgment is affirmed.

In this opinion the other judges concurred.