[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: JUDGMENT ON THE ATTORNEY TRIAL REFEREE'S REPORT (#135.01)
I. Factual and Procedural History
By way of a four count complaint filed with the court on December 19, 1995, the plaintiff, Robert C. Olsen, M.D. (Olsen), sought damages for the alleged conduct of the defendants, James V. Weiss and Amy L. Crockett-Weiss. The complaint alleged fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), innocent misrepresentation (Count III), and/or a violation of the Connecticut Unfair Trade Practices Act (Count IV).
The complaint also alleged the following facts. On January 31, 1990, the defendants purchased property located at 496 Montauk Avenue in New London, Connecticut, from the plaintiff. As part of the purchase transaction, the defendants gave the plaintiff a note for the amount of $160,000 which was secured by a first mortgage in the property. On May 27, 1992, the parties refinanced the property and the plaintiff released the original first mortgage. The defendants executed a new first mortgage on the property in favor of the plaintiff for the amount of CT Page 8551 $159,000. On June 15, 1995, the defendants sold the property to Alan Pasquino and Mary Myers-Pasquino for $145,000. Prior to that sale, the defendants negotiated with the plaintiff in an effort to have the plaintiff release his mortgage and to accept less than the full amount owed to him by the defendants on the note. At the time of the defendants' sale to the Pasquinos, the defendants owed the plaintiff $143,417.59 on the note. As part of the negotiations, the defendants represented to the plaintiff that the defendants had received an offer to purchase the property for $122,500. The representation was allegedly knowingly untrue and made to the plaintiff to induce him to act upon the defendants' representations. Allegedly relying upon the untrue representation of the sales proceeds, the plaintiff agreed to, and did, accept $115,000 in full satisfaction of the note. On June 7, 1995, the plaintiff executed a release of his mortgage. The plaintiff alleges the defendants' representations caused him, at least, damages in the amount of $28,417.59 which represents the difference between the amount outstanding on the note and the amount he was induced to accept.
The instant matter was referred to an attorney trial referee who, after a hearing, submitted proposed findings of fact and a recommended judgement. After reviewing said report, this court cannot accept nor reject the attorney trial referee's report and, therefore, at this time, this court cannot enter judgment.
"As a preliminary matter, [the court] must examine the procedures that govern matters heard by an attorney trial referee. See Practice Book § 428, now Practice Book (1998 Rev.) § 19-1, et seq. An attorney trial referee is obligated to report to the court the facts found and the conclusions drawn therefrom, but the report may be supplemented with a memorandum of decision including such matters as [the attorney trial referee] may deem helpful in the decision of the case. . . . [Practice Book § 434, now Practice Book (1998 Rev.) § 19-8]. . . . The parties may seek additions and corrections to the facts contained in this report by filing a motion to correct with the attorney trial referee pursuant to Practice Book § 438, now Practice Book (1998 Rev.) § 19-12. After the attorney trial referee responds to any motions to correct, the parties may file with the trial court exceptions to findings of fact pursuant to Practice Book § 439, now Practice Book (1998 Rev.) § 19-13, or objections to factual conclusions or rulings pursuant to Practice Book § 440, now Practice Book (1998 Rev.) § 19-14." (Citations omitted; internal quotation CT Page 8552 marks omitted.) Kallas v. Harnen, 48 Conn. App. 253, 256,___ A.2d ___ (1998).
On May 13, 1997, the plaintiff filed a motion to correct the report and on May 22, 1997, the defendant filed an objection to that motion. On November 5, 1997, the attorney trial referee entered an order wherein she denied twenty-seven of the plaintiff's twenty-eight proposed corrections. The attorney trial referee, in response to the plaintiff's motion to correct, added one additional sentence as a factual correction.[1] On November 25, 1997, the plaintiff filed an objection to the acceptance of the attorney trial referee's report and on November 26, 1997, the defendants filed a memorandum in support of the acceptance of the report. On November 11, 1998, the court (Handy, J.) overruled the objection to the acceptance of the report[2]. Judgment, however, did not enter.
While "[t]he trial court is authorized to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . [i]n a matter heard before an attorney trial referee, the trial court's nondelegable duty to render judgment turns on its ability to determine the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.) NationalElevator Industry Pension, Welfare and Educ. Fund v. Scrivani,31 Conn. App. 728, 732-33, 626 A.2d 1332 (1993), rev'd on other grounds, 229 Conn. 817, 820, 644 A.2d 327 (1994). See also Kallasv. Harnen, supra, 48 Conn. App. 257; Das v. Rodgers,47 Conn. App. 242, 251, ___ A.2d ___ (1997); Dillis v. Enfield,210 Conn. 705, 713, 557 A.2d 116 (1988); Seal Audio, Inc. v.Bozak, Inc., 199 Conn. 496, 509-10, 508 A.2d 415 (1986). "The attorney trial referee sits only as a fact finder. Where the attorney trial referee's findings of fact are not clearly set out, [he] has failed in his function of fact finder. The trial court should [exercise] its authority under [Practice Book § 443, now (1998 rev.) Practice Book § 19-17], to reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court." National Elevator Industry Pension, Welfare Educ. Fundv. Scrivani, supra, 31 Conn. App. 733.
In the present case, this court cannot determine whether to accept or reject the attorney trial referee's report without clarification of her findings. "Rejection of the report is mandated by [Practice Book § 443, now Practice Book (1998 CT Page 8553 Rev.) § 19-17] only if the trial court finds that the referee `has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted. . . .'" (Emphasis added.) Hassane v. Lawrence,31 Conn. App. 723, 727, 626 A.2d 1336 (1993). Where the trial court merely seeks a clarification of findings from the attorney trial referee because the court cannot determine whether to accept or reject the report due to the uncertainty of the basis of the referee's findings, requiring a new trial would be a "drastic remedy". Id. This court, instead, may take "the most reasonable course available under the circumstances." Id., citing Ives v.East Haven, 48 Conn. 272, 289 (1880). Here, this court cannot enter judgment because questions remain as to the factual findings of the attorney trial referee. As previously noted; see part I, supra; the plaintiff alleged fraudulent misrepresentation, negligent misrepresentation, innocent misrepresentation, and a violation of CUTPA. As the defendants note in their memorandum in support of acceptance of the report, "[an] essential element of misrepresentation, whether fraudulent, negligent or innocent is that the plaintiff justifiably rely on the representation in question. See, e.g., Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 575 (1995); Matyas v. Minck,37 Conn. App. 321, [323] (1995)." (Emphasis in original.)
With regard to both the alleged representations and, therefore, the issue of justifiable reliance, the attorney trial referee's report is inadequate. Specifically, the attorney trial referee made the following findings: "During the fall 1994/winter 1995 when the parties were negotiating a payoff for the mortgage/note the Defendant notified the plaintiff they had received various offers." (Order entered November 5, 1997; see n. 1, supra); "During [the fall or winter of 1994], the [defendants] notified the plaintiff that they had received various offers on the property." (Report ¶ 6); "After further negotiations and conversations the parties agreed the payoff figure for the mortgage and note due to the Plaintiff would be $115,000.00." (Report ¶ 5); "The plaintiff was not justified in solely relying on what the Defendant said and could have insisted on written documentation with providing a release of mortgage." (Report ¶ 12; see n. 1, supra.). The attorney trial referee fails to detail her factual findings as to what was said during the "further negotiations and conversations" or what the defendants said to the plaintiff regarding the "various offers" received. Those findings bear directly on the attorney trial referee's conclusory finding that the plaintiff "was not CT Page 8554 justified in solely relying on what the Defendant said", especially in light of the referee's omission as to her findings of what, in fact, was said by the defendants. For example, if the referee found that a deliberate misrepresentation was made by defendant as to the amount of the offer received, that may well undermine the conclusion as to plaintiff's right to rely on defendant's statements. If the referee found that no numbers, specific or general, were ever mentioned by the defendant, the factual basis for that conclusion may well be different. The point is that the attorney trial referee's task is to find the facts and to set them forth in sufficient detail so that the court can determine whether or not the conclusions follow logically from the facts found.
Where the court fails to exercise its authority under the Practice Book, it "improperly [delegates] to the attorney trial referee its nondelegable judicial authority to render judgment."National Elevator Industry Pension Welfare Educ. Fund v.Scrivani, supra, 31 Conn. App. 733. In the present case, if this court were to render judgment in accordance with the attorney trial referee's report, such an act would be an impermissible delegation of its authority in the matter. This court refuses such a course of action.
Accordingly, this court cannot accept nor reject the attorney trial referee's report and, therefore, cannot enter judgment. The most reasonable course available is to seek clarification from the attorney trial referee of her findings and, therefore, this court orders such clarifications by remanding the matter to the attorney trial referee, with direction to add findings of fact in accordance with the foregoing opinion.
Koletsky, J.