[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION ON PLAINTIFF'S AUGUST 26, 1998 APPLICATION FOR PREJUDGMENT REMEDY
Pursuant to an August 26, 1998, application, plaintiffs seek a prejudgment remedy in the amount of $200,000.
As set out in an August 26, 1998, affidavit signed by Paul Aloi, and testified to during the hearing held on October 13, 14, 19, and 20, the plaintiff, Aloi Electric Services, Inc., (AES) doing business as Fire Defense Centers, entered into an Asset Purchase and Assumption Agreement with Security Professionals, L.L.C., a Delaware Limited Liability Company. Pursuant to the agreement, introduced into evidence as Plaintiffs' Exhibit 1, the defendant held back $20,000 of the purchase price. Plaintiffs CT Page 12153 allege that defendant caused AES's phone number to be transferred over to it without consent of plaintiffs; that defendant informed callers that AES was out of business; and that defendant removed certain of plaintiffs' property, equipment, and supplies from a trailer and left it unsecured. Plaintiff Paul Aloi also alleges that he entered into a one-year employment agreement with defendant, which was admitted into evidence as Exhibit C of Plaintiffs' Exhibit 1; and that defendant breached the agreement by improperly terminating him. AES claims it is entitled to $20,000 as the balance due pursuant to the contract; $50,000 for loss of business; $10,000 for loss of reputation; and $25,000 for loss or deterioration of property. Paul Aloi claims to be entitled to $41,000 as the balance of his salary; $4,000 for a car allowance; $9,500 for business expenses; $7,000 for insurance; and $10,000 for lost tools and equipment.
Paul Aloi testified at the hearing on behalf of the plaintiffs. Testifying for defendants were Jeffrey J. Curtis, vice president for sale and marketing for defendant; Leslie Wilson, vice president of operations; Stacy Sciangalepone, defendant's operations coordinator; John M. Brady, part owner and president of defendant; and Linda Peterson, a former bookkeeper for Fire Defense Centers. To significantly summarize and simplify, defendants deny the material allegations made by plaintiffs; claim that plaintiffs made material misrepresentations, including the misrepresentation that plaintiffs were fully and properly licensed in Massachusetts and Connecticut; and that Paul Aloi acted irresponsibly and/or erratically, leading to the end of his employment relationship with defendant.
In response to an inquiry from the court, counsel for defendant set out in broad terms the counterclaims which might be brought, based on the present early state of the record. In summary, defendant indicated a likelihood that it would file counterclaims alleging tortious interference with business relationships; fraudulent inducement; CUTPA; negligent misrepresentation; fraudulent misrepresentation; fraudulent nondisclosure; and breach of contract.
I see no need to set out the testimony in any substantial detail. Suffice it to say that plaintiff and defendants have a diametrically opposed view of many of the material facts and events which led to this unfortunate dispute. CT Page 12154
A brief review of the law relating to prejudgment remedies is required to place this limited ruling in its proper context. As pointed out repeatedly during the hearing, and as clearly established by the caselaw, a hearing in probable cause is not a full trial on the merits, and a judge's decision after such a hearing represents only a preliminary determination based on a limited inquiry. Three S. Development Co. v. Santore.193 Conn. 174, 175 (1984). Probable cause is a bona fide belief in the facts essential under the law for the action and such as would lead a reasonable prudent person to entertain such belief. Id. at 175. To establish probable cause, a plaintiff need only show the "probable validity" of his claim, not that the claim can be proven by the higher civil standard, "a preponderance of the evidence". Probable cause must exist as to both liability and damages. McCahill v. Town and Country Associates. Ltd.185 Conn. 37, 39 (1981). The court must consider defenses, setoffs, and counterclaims in rendering a decision as to probable cause. Section 52-278d. Notwithstanding the relatively low standard which applies at a probable cause hearing, a court cannot base a finding of probable cause on opinion, surmise or speculation, in the absence of factual support. A good deal of the hearing testimony, on both sides, was speculative and based on personal opinion and did not provide a solid factual or documentary basis for findings at this early stage of the case.
With respect to damages, the burden of proving losses and damages rests on the party claiming them. Gargano v. Heyman,203 Conn. 616, 620 (1987). Mathematical exactitude is not required in proving damages, particularly where there are difficulties of proof. Hassane v. Lawrence, 31 Conn. App. 723, 727 (1993). However, a finding as to damages must have a secure factual basis and be based on evidence, not opinion or surmise. Slattery v.Maykut, 176 Conn. 147, 151 (1978).
With these general principles in mind, the court rules as follows, in consideration of the full record:
Claims of AES
(a.) $20.000 balance due pursuant to the contract: The court concludes that probable cause exists as to this claim. See Plaintiffs' Exhibit 2. It is not clear that defendant's computations, which dispute this claim, incorporate historical expenses, as required by Section 1(e) of the contract, "Holdback." CT Page 12155
(b.) $50,000 for loss of business to AES: The court concludes that plaintiff has failed to establish probable cause with sufficient particularity as to the claimed loss of business, generally, and the loss of $50,000, specifically. Gargano v.Heyman, 203 Conn. 616, 621 (1987.) No documentary evidence was provided in support of this claim.
(c.) $10.000 for damage to the reputation of AES: The court concludes that plaintiff has failed to establish probable cause with sufficient particularity as to damage allegedly caused to the reputation of AES, generally, and the loss of $10,000, specifically.
(d.) $25.000 for loss or deterioration of property of AES:
The court concludes that there is probable cause to believe that defendant is responsible for loss or deterioration of some property of AES, but that there is no reliable factual basis upon which to base a determination of the value of such loss or deterioration, beyond Mr. Aloi's estimates.
Claims of Paul Aloi
(a.) Balance of Salary: The court concludes, based on the limited record before it, that plaintiff has established probable cause with respect to Paul Aloi's claim for the balance of his salary, in the amount of $41,000. Meaningful defenses, however, do exist.
(b.) Car Allowance: The court concludes that plaintiff has established probable cause for an award of $800, for two months only. Notwithstanding any claimed lack of documentation, $400 per month was an agreed upon sum.
(c.) Business Expenses: Plaintiff testified that he is entitled to reimbursement for $8000-$9500 in business expenses. This may be so; however, he provided no documentation in support of this testimony. The court therefore finds that Mr. Aloi has failed to establish probable cause as to this portion of his claim, of course, he is free to pursue this claim, as well as others, at trial, if he chooses to.
(d.) Insurance: The court finds that plaintiff has established probable cause as to the claim respecting health insurance, claimed to be $7,000, notwithstanding deficiencies in CT Page 12156 the manner in which he completed the health insurance form. Defendant's Exhibit D.
(e.) Lost Tools and Equipment: Plaintiff provided testimony that he had lost tools and equipment, which he claims to have a value of $10,000. However, the record does not provide a factual basis for the court to evaluate damages as to this claim.
The court therefore finds that plaintiffs have established probable cause in the total amount of $68,800.
The court also concludes that the evidence suggests that probable cause exists as to some portions of some of the counterclaims which defendant is asserting. Particularly noteworthy and troubling was the testimony of Linda Peterson. However, the limited record, lack of documentary proof and lack of expert analysis of relevant documents and data at this early stage of the case provides the court with an inadequate basis upon which to make a definitive ruling as to probable cause, and to determine what amount of loss, if any, could fairly be attributed to plaintiffs' conduct on the counterclaims. Full evaluation of the counterclaims must await trial.
Conclusion
The court cautions the parties that this finding is based on a very limited record, is preliminary, and in no way provides a reliable basis for predicting the outcome at trial. Numerous legal, factual and evidentiary issues exist. Substantial expert analysis and testimony may well be required during discovery and at trial. Highly subjective, important issues of witness credibility are present. A full trial, following discovery, is required to permit a proper evaluation of the parties' claims. The parties are therefore urged to maker further attempts to resolve this dispute through negotiation, or through the use of an alternative dispute resolution mechanism, in the interests of all concerned.
For the reasons stated above, plaintiffs' application for a prejudgment remedy is granted in the amount of $68,800. However, given the factors present, the effect of this ruling shall be stayed until further order of court, to permit the parties to explore the alternative of defendant posting a bond, or the filing of a UCC 1 financing statement. CT Page 12157
The parties shall jointly inform the court, in writing, by November 11, 1998, if they have been able to reach an agreement, and if they have not reached an agreement, to request a hearing at which further argument can be heard.
DOUGLAS S. LAVINE, JUDGE, SUPERIOR COURT