JOANNE K. HOYE *v.* THE DEWOLFE COMPANY, INC.
(AC 20002)

Foti, Pellegrino and O'Connell, Js.

Argued December 5, 2000—officially released January 30, 2001

*Thomas G. Benneche*, for the appellant-appellee (defendant).

*Richard P. Weinstein*, with whom, on the brief, was *Nathan A. Schatz*, for the appellee-appellant (plaintiff).

*Opinion*

FOTI, J. The defendant, The DeWolfe Company, Inc., appeals from the judgment of the trial court rendered in favor of the plaintiff, Joanne K. Hoye, in the amount of $34,166.74 as to the first count of her complaint, which sounded in breach of contract.[1] The plaintiff cross appeals from the court's ruling denying her prejudgment interest. On appeal, the defendant contends that the court improperly found that the parties' severance agreement (1) was a separate agreement from a prior employment agreement between the parties and did not waive, change or modify that prior agreement, and (2) did not have to be signed by the defendant. The plaintiff contends in her cross appeal that the court abused its discretion by not awarding prejudgment interest. We affirm the judgment of the court.

The following facts are relevant to this appeal. At the time of trial, the plaintiff, a real estate agent for twenty-three years, had been affiliated for the past twenty years with T. R. Preston, a Connecticut Realtor, and had served as a senior partner of that company when the defendant acquired it in 1995.

On March 1, 1995, the parties entered into an agreement whereby the defendant, a real estate agency, would employ the plaintiff until February 28, 1998, at an annual salary of $136,667. The contract required the plaintiff to use her best efforts to promote the interests

---

[1] The court found for the defendant on the second count of the complaint in which the plaintiff sought double damages for the failure to pay wages pursuant to General Statutes § 31-72. The plaintiff has not made that ruling part of her cross appeal.

of the defendant, not to engage in any other business activity during the term, except as permitted in writing, and not to disclose any confidential information during or after her term of employment. If the plaintiff violated the terms of the agreement, she could be terminated from her employment. Additionally, the agreement provided that it could not be changed orally, but only by an agreement in writing and signed by the party to be charged.

On that same day, the parties also executed a non-competition agreement pursuant to which the plaintiff could be terminated for violating its terms. That agreement provided that the plaintiff would not, for a period of five years from the signing of the agreement, solicit any person or entity located in Connecticut who was a customer of the defendant, its predecessor or its affiliated companies. The agreement further provided that the plaintiff was prohibited from recruiting or hiring any employees or sales associates of any affiliated companies, wherever located, or inducing the employees to leave their employment, including independent contractors of the defendant.

In January, 1998, the defendant offered the plaintiff either another position within the company or a three month severance agreement. On February 13, 1998, the plaintiff, in writing, accepted the defendant's offer of three months severance pay effective March 1, 1998. The defendant, in response thereto, sent the plaintiff a severance agreement with an effective date of March 2, 1998. The plaintiff signed and promptly returned the agreement. On March 11, 1998, the defendant issued the first installment payment due under the severance agreement in the amount of $3568.70 by direct deposit into the plaintiff's account. Shortly thereafter, the defendant withdrew or canceled the deposit on the basis of the mistaken belief that the plaintiff had solicited an

employee of the defendant's subsidiary to leave. The plaintiff, however, had not engaged in such conduct.

The plaintiff thereafter brought this action to enforce the severance agreement. The court rejected the defendant's argument that the agreement was an attempt to change the terms of the 1995 employment contract. The court concluded that the severance agreement constituted a fully enforceable contract that was supported by consideration. Nevertheless, the court did not award the plaintiff interest under General Statutes § 37-3a.[2]

The defendant contends that our review is plenary because this matter presents definitive contract language so that the determination of what the parties intended by their contractual commitments is a question of law. The plaintiff, on the other hand, claims that the issues present the question of whether the parties intended to modify an existing contract or to enter into a separate and subsequent agreement, which is a question of fact. We agree with the plaintiff.

Whether the severance agreement called for new and subsequent performance for the benefit of the parties, and whether it changed anything regarding the pre-March, 1998 performance by each party, constitute questions of fact. As to the second issue, it also is a question of fact whether the parties intended to be bound without a formal written and signed document. Whether and in what terms parties have undertaken a contractual commitment are questions of fact, the determination of which by the trial court may be overturned on appeal only if the trial court's determinations are clearly erroneous. *Sandella* v. *Dick Corp.*, 53 Conn.

---

[2] General Statutes § 37-3a provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

App. 213, 219, 729 A.2d 813, cert. denied, 249 Conn. 926, 733 A.2d 849 (1999).

I

The defendant argues that the court improperly found that the severance agreement was a separate and distinct contract. We disagree.

"[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will not go. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). *State* v. *Zindros*, 189 Conn. 228, 238, 456 A.2d 288 (1983), cert. denied, 465 U.S. 1012, 104 S. Ct. 1014, 79 L. Ed. 2d 244 (1984). . . . *State* v. *Eady*, 249 Conn. 431, 436, 733 A.2d 112, cert. denied, 528 U.S. 1030, 120 S. Ct. 551, 145 L. Ed. 2d 428 (1999). A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . *State* v. *Hodge*, 248 Conn. 207, 218–24, 726 A.2d 531 (1999). . . . *State* v. *King*, [249 Conn. 645, 660, 735 A.2d 267 (1999)]." (Internal quotation marks omitted.) *State* v. *Ross*, 251 Conn. 579, 592–93, 742 A.2d 312 (1999).

At trial, the defendant argued that paragraph ten of the employment contract provided that the parties could not change the agreement orally, but could do so only by agreement in writing, signed by the party against whom enforcement of any waiver, change, modification or discharge was sought. Under the defen-

dant's theory, the severance agreement had to be signed by the defendant because that agreement sought to change the terms of the employment contract. The court found that the severance agreement did not waive, change or modify the employment contract and noted that no evidence was presented that either party did not adequately or completely fulfill the obligations under the employment agreement or the noncompete agreement. The court found that the severance agreement, as a separate agreement, called for new and subsequent performance for the benefit of both parties, and changed nothing as to the prior agreements. Both the subject matter and the time for performance of the terms of the severance agreement make it clear that the factual findings of the court have a basis in the evidence. Those factual findings, therefore, sustain the court's conclusion that the severance agreement was separate and distinct from the employment contract. The severance agreement constituted an additional agreement between the parties to be performed after the term of employment set forth in the employment contract.

The court's factual findings as set forth in its memorandum of decision are supported by the evidence. The court's determinations, therefore, are not clearly erroneous.

## II

The defendant next claims that the court improperly found that the severance agreement did not have to be signed by the defendant to be legally enforceable. We disagree.

The court found that the parties intended to be bound by the severance agreement regardless of the fact that the defendant had not signed the document. Parties are

bound to the terms of a contract even though it is not signed if their assent is otherwise indicated. *Schwarzschild* v. *Martin*, 191 Conn. 316, 321–22, 464 A.2d 774 (1983).

Because the severance agreement was a distinct contract, the terms of the employment contract requiring that any modification be in a writing signed by the defendant are inapplicable and cannot affect the validity of the severance agreement. The court determined that the parties, by their words and conduct, had bargained for and agreed that the plaintiff would receive severance benefits. The court's findings are supported by the evidence, and the court's conclusion that the severance agreement did not have to be signed by the defendant to be legally enforceable is not clearly erroneous.

### III

The plaintiff cross appeals from the court's denial of her request for prejudgment interest pursuant to § 37-3a on the amount of the judgment not paid to her under the terms of the severance agreement.

"It is clear that Connecticut case law establishes that prejudgment interest is to be awarded if, in the discretion of the trier of fact, equitable considerations deem that it is warranted." *Paulus* v. *LaSala*, 56 Conn. App. 139, 147, 742 A.2d 379 (1999), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000). In reviewing the plaintiff's request, the court concluded that although the defendant incorrectly believed that the severance agreement was unenforceable, it was "bolstered by advice of counsel" and had a good faith belief that the agreement was unenforceable. The court further concluded that the burdens assumed by the plaintiff, while sufficient to constitute consideration, were not so significant as to require the payment of interest.

We conclude that the court did not abuse its discretion in refusing to award prejudgment interest to the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.