### THOMAS W. SCHIAPPA ET AL. *v.* DANIEL J. FERRERO ET AL.
### (AC 19422)

Foti, Mihalakos and Healey, Js.

Argued October 17, 2000—officially released February 20, 2001

*Theodore R. Tyma*, for the appellants (defendants).

*Neil R. Marcus*, with whom, on the brief, was *Monte E. Frank*, for the appellees (plaintiffs).

*Opinion*

HEALEY, J. The defendants, Daniel J. Ferrero and Barbara Ferrero, appeal from the judgment of the trial court accepting the report of the attorney trial referee and awarding the plaintiffs, Thomas Schiappa and Joyce Schiappa, title to certain real property that they had acquired by adverse possession, as well as damages for trespass. The dispositive issue on appeal is whether the court improperly referred the case to the same referee for a new trial with the directive that he "may incorporate the proceedings in the prior trial."[1] We reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On May 24, 1965, the plaintiffs purchased a residential lot in Trumbull. On March 30, 1994, the defendants purchased the lot bordering the plaintiffs' property on the western side and soon, thereafter, began to use a portion of the property that the plaintiffs had been using as their own since 1965. The plaintiffs brought an action to determine ownership of the disputed property and sought damages for trespass.

On September 11 and 12, 1996, the parties tried this action to an attorney trial referee. On January 7, 1997, the referee had not yet filed his report. The defendants' counsel sent a letter to the plaintiffs indicating that the end of the 120 day limit under Practice Book § 19-4 for the referee to file his report was approaching.[2] The defendants' counsel then sent a letter to the attorney

---

[1] The defendants also argue that the court improperly found (1) a material fact in its memorandum of decision that the referee should have found and (2) that the plaintiffs proved by clear and convincing evidence that they had acquired the disputed property by adverse possession. We need not address these issues, however, in light of our resolution of the dispositive issue.

[2] Practice Book § 19-4 provides in relevant part: "An attorney trial referee . . . shall file a report . . . within one hundred and twenty days of the completion of the trial . . . ."

trial referee informing him that the parties had agreed to extend the time limit by forty-five days. On January 22, 1997, more than 120 days after the completion of the trial, the referee filed his report in which he recommended that judgment be rendered in favor of the plaintiffs. This report was, however, not timely filed.

Nonetheless, on February 5, 1997, the defendants filed a motion to correct the referee's report and, on March 12, 1997, they filed a revised motion to correct.[3] On June 16, 1997, the attorney trial referee denied, in substantial part, the defendants' revised motion to correct. On July 23, 1997, the defendants filed a motion to vacate the report of the attorney trial referee and for a new trial.[4] The defendants did not pursue this motion. On December 22, 1997, after the defendants had filed a series of objections to the decisions of the referee denying their motions to correct his initial report, the plaintiffs filed a motion requesting that the court accept the referee's initial report. In response, the defendants objected on the ground that the initial report was not timely filed.

On February 13, 1998, the trial court issued a written memorandum of decision in which it rejected the attorney trial referee's report as untimely on the basis of the 120 day time limit of Practice Book § 19-4 and ordered a new trial before the same referee,[5] directing the referee

[3] Although the plaintiffs filed objections to these motions, the record does not indicate whether the court ruled on the objections.

[4] The defendants' motion stated in relevant part: "The defendants . . . in accordance with . . . *Ficara* v. *O'Connor*, 45 Conn. App. 626 [697 A.2d 696] (1997), [officially released July 8, 1997] respectfully [move] that this Court vacate the Report of the Attorney Trial Referee and order a new trial . . . for the reason that . . . the trial court lacks the power to accept any report submitted by [the referee] based upon the failure to comply with the provisions of Practice Book § 430A [now § 19-4]. Specifically, [the referee] failed to file a report . . . within one-hundred twenty (120) days of the completion of the trial . . . ."

[5] Practice Book § 19-17 provides in relevant part: "(a) The court shall render such judgment as the law requires upon the facts in the report. If the court finds that the . . . attorney trial referee has materially erred in

to use his discretion to include "all of the proceedings to date, including the transcript of the prior proceeding, and . . . such additional evidence . . . as the referee may deem admissible and proper." Thereafter, the defendants filed a motion to reargue, claiming that the court violated Practice Book § 19-17 by permitting the referee to incorporate into the new trial evidence from the first trial. That motion was never heard. The court issued a notice that a trial date had been set.

On April 2, 1998, the attorney trial referee conducted a "new trial." At the outset, he referred to the court's memorandum and announced, "I have made the decision that I am going to incorporate all the prior proceedings and the transcripts [of the original hearing] into this trial. Are there any further pieces of evidence or argument or information that should be presented to me?" Neither party offered any additional evidence. The defendants did, however, raise the question of whether the attorney trial referee should be disqualified for the new trial because he had tried and decided the original case and because his report had been rejected. The referee responded that it was beyond his capacity to rule on that question because he was ordered by a Superior Court judge to conduct the new trial. For this reason, the referee opined that it was unnecessary to get to the issue of whether a new hearing officer should have been appointed.

On May 29, 1998, the attorney trial referee timely issued his report, recommending judgment in favor of the plaintiffs. This second report was almost identical

its rulings or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another . . . attorney trial referee . . . for a new trial or revoke the reference and leave the case to be disposed of in court.

"(b) The court may correct a report at any time before judgment upon the written stipulation of the parties or it may upon its own motion add a fact which is admitted or undisputed or strike out a fact improperly found."

to the first report. The defendants filed a motion to correct the report, which the referee denied in substantial part. The defendants thereafter filed exceptions and objections to the referee's report. On March 2, 1999, the court corrected the referee's report to fix the westerly boundary of the northwest corner of the plaintiffs' property from thirty feet to twenty feet. The court found no merit to any of the other exceptions and objections that had been filed. The court then rendered judgment in favor of the plaintiffs, found that they had obtained title to the disputed property by adverse possession and awarded damages for trespass. The defendants appealed. Additional facts will be addressed where necessary.

The defendants claim that once the court rejected the attorney trial referee's initial report as untimely, it improperly referred the case back to the same referee for a new trial with the directive that the referee may, at his discretion, "incorporate the proceedings in the prior trial" into the new trial, in addition to taking any new evidence. We agree with the defendants.

The plaintiffs first argue that the court improperly rejected the initial report of the attorney trial referee because the parties waived the 120 day time limit.[6] In

---

[6] At one time, both parties thought that the attorney trial referee was exempt from the 120 day time limit. Oddly enough, in a letter written by the defendants' counsel to the plaintiffs, the defendants' counsel wrote: "As you are aware . . . General Statutes § 51-183b limits the power of a trial judge to render judgment to a period not later than 120 days from the completion date of the trial. The statute empowers the parties to waive the time requirement. . . . The appellate courts of this state have held that attorney trial referees are exempt from the 120 day time requirement . . . . See *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.*, 7 Conn. App. 136, 141 [508 A.2d 43] (1986). . . . That case . . . holds that there is no requirement that the *court* must render judgment on the report of an attorney trial referee within 120 days of completion of the trial hearing before the referee. . . . In view of the foregoing, our respective parties' rights remain protected as we continue to wait for the decision of the referee." (Emphasis in original.)

The defendants' application of *Kowalsky Properties, Inc.*, is inaccurate. *Kowalsky Properties, Inc.*, interpreted § 51-183b and held that it applied

*Ficara* v. *O'Connor*, 45 Conn. App. 626, 630, 697 A.2d 696 (1997), however, we held that the parties may not waive or agree to extend the 120 day period under Practice Book § 430A, now § 19-4, because it does not have a waiver provision. "The plain language of § 430A [now § 19-4] is unambiguous. Clearly, it was the intent of the drafters not to provide a waiver provision for the parties to extend the time an attorney referee has to file a report. As a result, the parties cannot waive the 120 day period provided in § 430A. Moreover, while the legislature provided a waiver provision in General Statutes § 51-183b,[7] the judges of the Superior Court, in promulgating the rules of practice for attorney referees, were certainly cognizant of § 51-183b, yet decided not to include a waiver provision in § 430A. . . . Thus, we conclude that the trial court lacked the power to accept an attorney referee's report that did not comply with § 430A." (Citations omitted.) *Ficara* v. *O'Connor*, supra, 630. The court, therefore, in keeping with Practice Book §§ 19-4 and 19-17, properly rejected the attorney trial referee's initial report.

The plaintiffs next argue that even if the court properly rejected the attorney trial referee's initial report, it was proper for it to refer the matter to the same referee for a new trial, pursuant to Practice Book § 19-17, with the direction that the referee could use his discretion to incorporate the previous proceedings. The

only to judges and "state trial referee[s] who [have] the power to render judgments." (Internal quotation marks omitted.) *Kowalsky Properties, Inc.* v. *Sherwin Williams Co.*, supra, 7 Conn. App. 140. The attorney trial referee in this case was not empowered to render a judgment, and, therefore, § 51-183b is inapplicable in this case. Id. This case is controlled by Practice Book §§ 19-4 and 19-17.

[7] General Statutes § 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

defendants argue that the court order allowing the referee to incorporate the previous proceedings without holding a "new trial" was improper. We agree with the defendants.

The essence of the defendants' argument concerns the meaning of the phrase "new trial" as used in Practice Book § 19-17. "The rules of statutory construction apply with equal force to Practice Book rules. . . . Where the meaning of a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction." (Citation omitted; internal quotation marks omitted.) *Pitchell* v. *Hartford*, 247 Conn. 422, 432, 722 A.2d 797 (1999). "A cardinal rule of statutory construction is that where the words of a statute [or rule] are plain and unambiguous the intent of the [drafters] in enacting the statute [or rule] is to be derived from the words used. . . . Where the court is provided with a clearly written rule, it need look no further for interpretive guidance." (Internal quotation marks omitted.) *Ficara* v. *O'Connor*, supra, 45 Conn. App. 629.

"In a general sense, the term trial means the investigation and decision of a matter in issue between parties before a competent tribunal, including all the steps taken in the case from its submission to the court or jury to the rendition of judgment."[8] (Internal quotation marks omitted.) *Tureck* v. *George*, 44 Conn. App. 154, 157, 687 A.2d 1309, cert. denied, 240 Conn. 914, 691 A.2d 1080 (1997). In the present case, in contemplation of the law, the new trial was required to be a proceeding for a reexamination of the facts put in issue by the pleadings followed by the referee's conclusions and

---

[8] Even though an attorney trial referee cannot render a judgment, the trial before a referee should result in a recommendation that the court render judgment in accordance with the recommendation. See *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 502, 508 A.2d 415 (1986).

recommendations to the trial court. There is no language, express or implied, in the rule that authorizes the court to give the referee the discretion to include "all of the proceedings to date, including the transcripts of the prior proceeding," in referring the case for a new trial. Not only does such a provision exceed the court's authority under the rule of practice, it also skews the concept of a "new trial." In the present case, the referee's reliance on the prior proceedings did not constitute an examination of the facts put in issue under the pleadings and therefore did not constitute a "new trial" as required by § 19-17.

Once the court rejected the attorney trial referee's report, there was in fact no legally viable report of the referee. A "new trial," as we have described that term in the context of the circumstances of this case, is necessary. We believe that the trial court's referral in this case rendered the 120 day time limit in Practice Book § 19-4 meaningless. "[E]ither we adhere to the rules or we do not adhere to them." (Internal quotation marks omitted.) *Jacobs* v. *Fazzano*, 59 Conn. App. 716, 727, 757 A.2d 1215 (2000), quoting *Osborne* v. *Osborne*, 2 Conn. App. 635, 639, 482 A.2d 77 (1984). Therefore, the court's judgment authorizing the referee to use his discretion to incorporate the previous proceedings and any additional admissible evidence was improper because the new proceedings did not constitute a "new trial" in this case, and the court exceeded its authority under Practice Book § 19-17 in rendering that judgment.[9]

---

[9] The plaintiffs argue that the court's decision to refer the case back to the same referee, allowing the same referee to incorporate all of the prior proceedings, was done to promote judicial economy and that any other ruling would have been counterproductive. We make two observations. First, whether considerations of judicial economy are well served in such circumstances is questionable. Second, referring the matter to the same referee with the discretion given the referee in this case hardly advances the purpose of referring matters to referees. The court's referring the case to the same referee with the discretion to incorporate the previous proceedings eviscerates the purpose of referring a case for a "new trial."

The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion and Practice Book § 19-17.

In this opinion the other judges concurred.

We note, in this context, that under Practice Book § 19-17, which concerns the function of the court in acting upon such reports, the court has certain options from which to choose. That section provides in relevant part that "the court shall reject the report and refer the matter to the same or another . . . attorney trial referee . . . for a new trial or revoke the reference and leave the case to be disposed of in court." Practice Book § 19-17 (a). We recognize, however, that referring the case to the same referee and giving that referee the discretion to use the prior record may not afford the parties the new trial to which they are entitled.