[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #104 DEFENDANT'S MOTION TO SET ASIDE[1]
CT Page 6615
The plaintiff commenced this action by a state marshal serving the writ, summons and complaint on the Connecticut Secretary of State via certified mail. The return receipt indicates that the documents were received by the Secretary of State on January 29, 2002.
The aforementioned complaint bears a return day of March 5, 2002. It alleges that the defendant is a Delaware limited liability corporation having its principal place of business in Branford, Connecticut.
The file indicates that the defendant filed its appearance on April 8, 2002.
On April 17, 2002, the plaintiff filed a Motion for Default for Failure to Plead, asserting that pursuant to the provisions of § 10-8 of the Connecticut Practice Book, the defendant had until April 4, 2002 to file a responsive pleading to the complaint. On April 19, 2002, the defendant filed a Motion for Extension of Time and an Objection to the Motion for Default (the instant motion).
Section 10-8 of the Connecticut Practice Book concerns the time for pleadings to be filed. This section provides that:
 Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required, except that in summary process actions the time period shall be three days and in actions to foreclose a mortgage on real estate the initial time period shall be fifteen days. The filing of interrogatories or requests for discovery shall not suspend the time requirements of this section unless upon motion of either party the judicial authority shall find that there is good cause to suspend such time requirements.
CT Page 6616 The requirements of the above-cited section of the Practice Book are clear and unambiguous. The pleadings are to advance within thirty days of the return day.
 "The rules of statutory construction apply with equal force to Practice Book rules. . . . Where the meaning of a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction. . . . A cardinal rule of statutory construction is that where the words of a statute [or rule] are plain and unambiguous the intent of the [drafters] in enacting the statute [or rule] is to be derived from the words used. . . . Where the court is provided with a clearly written rule, it need look no further for interpretive guidance." (Citation omitted; internal quotation marks omitted.) Schiappa v. Ferrero, 61 Conn. App. 876, 882, 767 A.2d 785
(2001).
 Krevis v. City of Bridgeport, 64 Conn. App. 176, 180 (2001).
The defendant argues however, that although this section specifically provides that pleadings shall advance within thirty days from the return date, said section cannot be interpreted in such a manner because it would run afoul of § 10-30 of the Practice Book concerning the motion to dismiss.
Section 10-30 provides that:
 Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the judicial authority otherwise directs. (Emphasis added)
The defendant asserts that § 10-8 and 10-30 are inconsistent in that § 10-30 provides that a motion to dismiss must be filed within thirty days of the filing of the appearance, but § 10-8 provides that the pleadings are to advance within thirty days of the return day.
Because defendant asserts that there is an inconsistency between two related Practice Book provisions an additional analysis is required.
CT Page 6617 It is settled that statutes must be construed consistently with other relevant statutes because the legislature is presumed to have created a coherent body of law. In re Valerie D., 223 Conn. 492, 524, 613 A.2d 748
(1992).
Petco Insulation Co. v. Crystal, 231 Conn. 315, 323 (1994)
The Practice Book sections cited by the defendant appear to be inconsistent with each other. If these provisions are inconsistent with one another, then the Court must construe the subject sections in a manner so that, if possible, the intent of both will be carried out.
 While it is true that apparently repugnant statutes are to be construed, if reasonably possible, so that both are operative; Danbury Rubber Co. v. Local 402, 45 Conn. 53, 57, 138 A.2d 783; statutes must be construed primarily to carry out the expressed intent of the legislature. Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41, 46, 301 A.2d 244; Sloane v. Waterbury, 150 Conn. 24, 29, 183 A.2d 839.
Edmundson v. Rivera, 169 Conn. 630, 634 (1975).
Section 10-8 of the Practice Book requires that the pleadings be advanced within thirty days of the return date. Section 10-6 (2) of the Practice Book provides that the next pleading filed after the complaint is a motion to dismiss. Section 10-30 of the Practice Book provides that a motion to dismiss must be filed within thirty days of the filing of the movant's appearance, therefore, in those situation wherein the defendant does not file its appearance on or before the return day, in order to file a motion to dismiss pursuant to § 10-30, within thirty days of the filing of the appearance, but subsequent to the thirty day period after the return day, the movant must file a motion for an extension of time to file a motion to dismiss. Said extension of time could be for a period of up to thirty days after the movant filed its appearance, but the movant of course is still required to file the motion to dismiss within thirty days of its appearance.
Whereas the subject Practice Book sections can be interpreted in a manner so that the intent of both can be carried out, the motion to set aside the default is denied.
____________________________ Richard A. Robinson, J May 13, 2002 CT Page 6618