[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court previously issued a decision filed on June 6, 2002 holding that there was a balance due the plaintiff in the amount of $3,066.00 and the plaintiff was entitled to a judgment of strict foreclosure of the mechanic's lien. This court also makes the following findings: The fair market value of the defendant's property at 5 Beach Avenue, Milford, Connecticut is found to be $450,000, which has been stipulated to by the parties. The court awards the plaintiff a title search fee of $150.00 together with costs of suit. Finally, the court sets the new law date of June 2, 2003.
The court now addresses the parties' claims for attorneys fees. The plaintiff argues that General Statutes § 52-249 applies to actions to foreclose a mechanic's lien[1] The plaintiff further argues that the statute, when applied, entitles the plaintiff to recover reasonable attorneys fees. Finally, the plaintiff contends that General Statutes § 42-150bb applies to the defendant, and therefore, limits the amount that the defendant may recover for attorneys fees to fifteen percent.[2]
 The defendant counters that § 52-249 does not apply to the presentaction. Instead the defendant argues, General Statutes § 42-150aa
applies, and thus, limits the amount the plaintiff may recover for attorneys fees.[3] Specifically, the defendant contends that §42-150aa limits the amount the plaintiff may recover for attorney fees to fifteen percent of the plaintiff's total award. Finally, the defendant agrees that § 42-150bb applies to her; however, despite the plaintiff's argument, the defendant argues that § 42-150bb entitles her to recover reasonable attorneys fees.
With respect to attorneys fees, "Connecticut case law follows the general rule, frequently referred to as the `American Rule,' that attorneys fees are not allowed to the prevailing party as an element of damages unless such recovery is allowed by statute or contract . . . General Statutes § 52-249 (a) succinctly and unambiguously provides CT Page 2921 for the allowance of attorneys fees in actions for foreclosure of mortgages or liens." (Internal quotation mark omitted.) Original GrassoConstruction Co. v. Shepherd, 70 Conn. App. 404, 418, 799 A.2d 1083
(2002); see also A. Secondino Son, Inc. v. LoRicco, 19 Conn. App. 8,15-16, 561 A.2d 142 (1989).
In this case, the contract provided that the plaintiff would be entitled to reasonable attorneys fees in the event of nonpayment. "Where a contract provides for the payment of attorneys fees by a defaulting party, those fees are recoverable solely as a contract right. LittonIndustries Credit Corporation v. Catanuto, 175 Conn. 69, 76, 394 A.2d 191
(1978)." Connecticut National Bank v. N.E. Owen II, Inc.,22 Conn. App. 468, 476, 578 A.2d 655 (1990). Therefore, the language of the contract governs the award of fees, and the court need not consider § 52-249.
The court is not done with its analysis, however. The court finds that the contract at issue falls under § 42-150aa as it is one in which "the money, property or service that is the subject of the transaction is primarily for personal, family or household purposes." (Internal quotation marks omitted.) Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 71,689 A.2d 1097 (1997); General Statutes § 42-150bb.
Section 42-150aa (b) provides: "If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract or lease subject to the provisions of this section, such holder may receive or collect attorneys fees, if not otherwise prohibited by law, of not more than fifteen percent of the amount of any judgment which is entered."
Our courts have explained that "when contracts are limited by statutory provisions, those provisions are generally considered to be incorporated therein as a matter of law . . . Thus, whenever there is an attorneys fees clause in the commercial party's contract, that clause is subject to § 42-150aa, and the contract must be read as incorporating that provision's 15 percent limitation." Rizzo Pool Co. v. DelGrosso, supra,240 Conn. 76-77 n. 18. Accordingly, this court finds that the plaintiffis entitled to 15 percent of $3,066.00, the amount owed by thedefendant.
With regards to the defendant's claim, the court finds that the defendant is not entitled to any attorneys fees. Section 42-150bb
provides in relevant part: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorneys fee of the commercial party to be paid by the consumer, an CT Page 2922 attorneys fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease." In this case, the defendant did not successfully prosecute her counterclaim or defend an action based upon the contract. The court held that the defendant still owed $3,066.00 on the contract, and thus, the defendant is not entitled to attorneys fees pursuant to § 42-150bb. Accordingly, the court awards attorneys fees to the plaintiff in the amount of $459.90 and judgment of strict foreclosure may enter as set forth herein with the law date of June 2, 2003.
 Jack L. Grogins Judge Trial Referee