[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE ACCEPTANCE OF A.T.R. REPORT
The plaintiff, Sophia Grisby, brought this action against the defendant, deputy sheriff, Charles Valentino, for negligence, violation of the Connecticut Unfair Trade Practices Act, General Statutes §42-110a et seq., and breach of contract. The action was referred to attorney trial referee (ATR).
The ATR issued a memorandum of decision in which he found the following facts. On or about July 22, 1997, the plaintiff was evicted from her apartment. The defendant was responsible for executing the eviction and he hired ten individuals to assist him with his task. As a result of the acts of the defendant and/or his employees, some of the plaintiff's personal property was either lost or stolen. By category, these items include: housewares, kitchen appliances, general household appliances, clothing, decorative items, furniture, electronics, jewelry, books, bedding, cosmetics and groceries. The plaintiff made a list of these missing items and indicated either their respective replacement cost, or the price she paid for the items at the time of purchase. The plaintiff introduced this list into evidence at the hearing. The plaintiff estimated her loss at $5000. Although the defendant conceded liability, he disputes that the missing property is worth $5000. Instead, the defendant estimates that the property is worth $600, and he introduced evidence that he has paid the plaintiff $300 toward this amount.
Based on the foregoing facts, the ATR found that the defendant was negligent.[1] On the issue of damages, however, the ATR found that the plaintiff had not provided the court with evidence indicating the fair market value of the lost property. Notwithstanding, the ATR concluded that because the defendant had admitted that the property was worth $600 and had already paid the plaintiff $300 towards that amount, the plaintiff was entitled to recover $300. On January 6, 2003, the plaintiff filed an objection to acceptance of the ATR's report.
"This court has articulated that attorney trial referees and CT Page 2959-b factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Although it is true that when the trial court reviews the attorney trial referee's report the trial court may not retry the case and pass on the credibility of the witnesses, the trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report. It is also true that the trial court cannot accept an attorney trial referee's report containing legal conclusions for which there are no subordinate facts." (Citations omitted; internal quotation marks omitted.) Killion v. Davis, 257 Conn. 98,102 (2001).
"Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the [attorney trial] referee." (Internal quotation marks omitted.) Original Grasso Construction Co. v. Shepherd, 70 Conn. App. 404,410 (2002), cert. denied, 261 Conn. 932 (2002). "Any legal conclusions reached by an attorney trial referee have no conclusive effect . . . The reviewing court is the effective arbiter of the law and the legal opinions of [an attorney trial referee], like those of the parties, though they may be helpful, carry no weight not justified by their soundness as viewed by the court that renders judgment." (Internal quotation marks omitted.) Id., 419. "If the attorney referee's ruling was not legally and logically correct, the trial court may reject the report." (Internal quotation marks omitted.) Killion v. Davis, supra, 257 Conn. 103.
The plaintiff objects to the ATR's report on the grounds that the ATR used the wrong standard to assess damages. According to the plaintiff, the fair market value standard is too restrictive, and our Supreme Court has stated that this standard is inappropriate when assessing damages for plaintiffs who have lost used wearing apparel and household goods and effects owned, or kept for personal use.
"The cardinal rule is that a person injured shall receive fair compensation for his loss or injury and no more . . . Commonly the value of the property as representing the owner's loss is its market value, if it have one, since thereby is indicated the cost of replacing . . . But the principal rule, which seeks to give fair compensation for the loss, is the paramount one, and ordinarily when the subordinate one fails to accomplish the desired result it yields to an exception or modification. It is now generally recognized that wearing apparel in use, and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their CT Page 2959-c real value to their owner and of his loss by being deprived of them. So it has been frequently, and we think correctly, held that the amount of his recovery in the event of conversion ought not to be restricted to the price which could be realized by a sale in the market, but should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it." Baker v. LewisStorage and Transfer Co., 78 Conn. 198, 200 (1905). "If the property has no market value at the time and place of conversion, either because of its limited production or because it is of such a nature that there can be no general demand for it, it is more particularly valuable to the owner than any other it may be estimated with reference to its value to him excluding any sentimental value, if it is impossible to replace it."Q. River Terminals, Inc. v. Gilbert, superior Court, Judicial District of New haven, Docket No. CV96 0392133 (Dec. 2, 1998, Burns, J.T.R.), quoting 4 Sutherland on Damages § 1117.
In the present action, the ATR erred when he concluded that the plaintiff was required to come forth with evidence showing the market value of her property at the time of the loss which is not consistent with the standard herein set forth. Accordingly, the report is herewith returned to the ATR for further proceedings not inconsistent with this decision.
RUSH, J.